**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KEVIN SENIOR,

                Plaintiff,

-vs-                                          Case No.  3:12-cv-589-J-12JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.

_____/

## REPORT AND RECOMMENDATION[2]

### I. Status

      Kevin Senior ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("Administration('s)") final decision finding that as of October 1, 2008, he was no longer disabled and therefore ineligible for continued disability insurance benefits ("DIB").  Plaintiff suffers from a number of physical injuries and ailments, mostly resulting from being shot in the knee in approximately 1994 and getting in a car accident in approximately 2003.  See, e.g., Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed July 20, 2012, at 261; Plaintiff's Brief (Doc. No. 14; "Pl.'s Br."), filed September 10, 2012, at 3.  After an April 24, 2009 determination by the

---

[1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document.  Failure to file timely objections waives a party's right to de novo review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

Administration that Plaintiff was no longer disabled as of October 1, 2008 and therefore ineligible for DIB, Plaintiff sought reconsideration of the determination and it was upheld "by a State agency Disability Hearing Officer."  Tr. at 22.  Plaintiff then requested a hearing before an administrative law judge.  Tr. at 22.

On January 22, 2010, an Administrative Law Judge ("First ALJ") presided over a hearing at which Plaintiff appeared and represented himself.  Tr. at 529-37.  During the hearing, the First ALJ explained to Plaintiff his right to be represented by counsel or a representative and agreed to continue the hearing once so Plaintiff could attempt to find a representative and submit additional medical documentation.  Tr. at 531-36.  On May 27, 2010, the hearing reconvened before a different ALJ who ultimately decided the case ("ALJ"), and Plaintiff again represented himself.  Tr. at 538-67.  After the ALJ explained to Plaintiff that he had the right to be represented, Plaintiff agreed to proceed without representation and signed a written waiver to that effect.  Tr. at 541-42, 524 (written Waiver of Right to Legal Representation).  During the hearing, the ALJ heard from Plaintiff, Tr. at 548-60, and from a vocational expert, Tr. at 560-63.

Following the hearing, on August 5, 2010, the ALJ issued a Decision finding that Plaintiff's disability had ended as of October 1, 2008.  Tr. at 22-34.  Plaintiff then requested review by the Appeals Council.  Tr. at 18. The Appeals Council received and admitted some additional evidence, Tr. at 10, and denied Plaintiff's request for review, Tr. at 6-9, making the ALJ's Decision the final decision of the Commissioner.  On May 17, 2012, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff raises six issues on appeal.  <u>See</u> Pl.'s Br. at 2, 8-22.  First, Plaintiff claims that "[t]he [ALJ] did not apply the correct legal standards when he found that [Plaintiff] did not satisfy the Medical Vocational Rules [("Grids")] on the period starting October 1, 2008."  Pl.'s Br. at 2; <u>see id.</u> at 8-9.  Second, Plaintiff argues the ALJ "did not apply the correct legal standard when he found there was medical improvement [as of] October 1, 2008."  <u>Id.</u> at 2; <u>see id.</u> at 9-14.[3]  Related to the second issue, Plaintiff contends third that "[t]he ALJ did not apply the correct legal standards to [Plaintiff]'s cervical impairments," <u>id.</u> at 2; <u>see id.</u> at 14-16, and fourth that "[t]he ALJ's finding that [Plaintiff] did not have a listed impairment is not supported by substantial evidence and not based on the correct legal standards," <u>id.</u> at 2; <u>see id.</u> at 16-18.  Fifth, Plaintiff alleges that "[t]he ALJ did not apply the correct legal standards to the disability determination from the State of Florida."  <u>Id.</u> at 2; <u>see id.</u> at 18-19.  Sixth, Plaintiff argues the "Appeals Council did not apply the correct legal standards when it failed to acknowledge new and material evidence."  <u>Id.</u> at 2; <u>see id.</u> at 19-22.

For ease of analysis, the undersigned addresses Plaintiff's second, third, and fourth arguments together, followed by Plaintiff's first, fifth, and six arguments.  As to the second, third, and fourth issues, the undersigned finds that the matter must be reversed and remanded for the ALJ to make the proper comparison between the original medical evidence used to determine Plaintiff was disabled and the new medical evidence relied upon in finding that Plaintiff has medically improved to the point of no longer being disabled.  As to the first,

---

[3]     Plaintiff filed a Notice of Supplemental Authority (Doc. No. 16) on December 13, 2012 relating to this issue.

fifth, and sixth issues, because this matter is due to be remanded, Defendant should address them on remand as necessary and appropriate.

## II.  The ALJ's Decision

An ALJ typically follows a five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations") when deciding whether an individual is disabled,[4] determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  When an ALJ is determining whether a disability has ended, however, the Regulations mandate following a different eight-step sequential inquiry.  See 20 C.F.R. §§ 404.1594(f), 416.994(b).  This sequential inquiry asks, in substance, whether the claimant (1) is currently engaging in substantial gainful activity; (2) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (3) has experienced medical improvement; (4) has experienced medical improvement that is related to the ability to work; (5) has experienced medical improvement, but an exception to the medical improvement applies; (6) has current impairments that when considered in

_____

[4]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

combination are severe; (7) can perform past relevant work; and (8) can perform other work that exists in the national economy.  See 20 C.F.R. §§ 404.1594(f), 416.994(b).

Here, because Plaintiff had previously been found disabled and the ALJ was determining whether Plaintiff's disability had ended, the ALJ followed the eight-step sequential inquiry set forth above.  Prior to engaging in the sequential inquiry, the ALJ found as follows: "The most recent favorable medical decision finding that [Plaintiff] was disabled is [a] decision dated April 16, 2002.  This is known as the 'comparison point decision' or CPD."  Tr. at 23 (emphasis omitted).

The ALJ then engaged in the sequential inquiry.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity through October 1, 2008, the date his disability allegedly ended.  Tr. at 24 (emphasis and citation omitted).  At step two, the ALJ determined that "[s]ince October 1, 2008, [Plaintiff] did not have an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. at 24 (emphasis and citation omitted).  At step three, the ALJ found that "[m]edical improvement occurred as of October 1, 2008."  Tr. at 24 (emphasis and citation omitted).  At step four, the ALJ determined that Plaintiff's "medical improvement is related to the ability to work because, as of October 1, 2008, [Plaintiff's] CPD impairment(s) no longer met or medically equaled the same listing(s) that was met at the time of the CPD."  Tr. at 24 (emphasis and citation omitted).  At step five, although not explicitly stated, the ALJ must have found that no exceptions apply to the medical improvement.  At step six, the ALJ found that "[a]s of October 1, 2008, [Plaintiff] continued to have a severe impairment or combination of impairments."  Tr. at 25 (emphasis and

citation omitted).  The ALJ then determined that Plaintiff had the following RFC as of October 1, 2008:

> [Plaintiff can] perform less than a full range of sedentary work as defined in 20 CFR [§]404.1567(a) except [Plaintiff] may occasionally lift and/or carry 10 pounds and frequently lift and/or carry five pounds. [Plaintiff] may stand and walk for two hours out of an eight-hour workday. [Plaintiff] may sit for six hours in an eight-hour workday.  [Plaintiff] is given a sit/stand option or alternating from sitting and standing as needed within the workplace. [Plaintiff] may occasionally climb stairs, balance, stoop, kneel, and crouch. [Plaintiff] must never climb ropes, ladders, scaffolds or crawl. [Plaintiff] may do occasional overhead reaching with his right upper extremities. [Plaintiff] is limited to frequent as opposed to constant handling, fingering, and feeling. [Plaintiff] must avoid moderate exposure to hazards such as machinery and heights.

Tr. at 25 (emphasis omitted).  The ALJ found, at step seven, that "[a]s of October 1, 2008, [Plaintiff] was unable to perform past relevant work" as a "wire drawing machine operator, inventory control clerk, laminator (shipping, boating, and manufacturing industry), self-service store attendant, and baggage porter."  Tr. at 32-33 (emphasis and citation in first quotation omitted).  The ALJ then proceeded to step eight and determined that "[a]s of October 1, 2008, . . . [Plaintiff] was able to perform a significant number of jobs in the national economy," including "Charge Account Clerk," "Surveillance System Monitor," and "Food and Beverage Order Clerk[.]" Tr. at 33-34 (emphasis and citation in first quotation omitted).  The ALJ, therefore, concluded that Plaintiff's "disability ended as of October 1, 2008."[5]  Tr. at 34 (emphasis and citation omitted).

---

[5]    Given the ALJ's finding that Plaintiff's disability ended as of October 1, 2008, the Appeals Council's observation that Plaintiff's case was decided by the ALJ "through August 5, 2010" (the date of the Decision), Tr. at 7, appears to be erroneous.

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to cessation of DIB pursuant to 42 U.S.C. §§ 405(g).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.  Discussion

Plaintiff's arguments are addressed below.  Plaintiff's second, third, and fourth arguments are related to such a degree that the undersigned addresses them together.  The undersigned concludes that the matter should be reversed and remanded for

reconsideration related to the second, third, and fourth arguments.  As to the first, fifth, and sixth arguments, they are addressed under the same sub-heading with the conclusion that they should be considered on remand as necessary and appropriate.

## A. Determination of Medical Improvement (Second, Third, and Fourth Issues)

Plaintiff contends the ALJ erred in determining that Plaintiff had medically improved to the point of being not disabled.  Pl.'s Br. at 9-14.  According to Plaintiff, contrary to Eleventh Circuit precedent, the ALJ failed to compare the original medical evidence with the new medical evidence. Id. at 10-14. Plaintiff contends more specifically that the ALJ did not compare his "cervical impairments" from the CPD to October 1, 2008, and that the ALJ improperly found Plaintiff no longer met or medically equaled a listing as of October 1, 2008. Id. at 14-18.  Defendant counters that the ALJ properly complied with the requirement of the Eleventh Circuit that the medical evidence be compared, and that the ALJ correctly found Plaintiff did not have a severe cervical impairment and no longer met a listing. Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem."), filed November 21, 2012, at 9-15.

In a cessation of benefits case, "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." McAulay v. Heckler, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam) (citation omitted). "Medical improvement" is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(1).  To make the required finding of medical improvement prior to terminating benefits, an ALJ must "evaluate

-8-

the medical evidence upon which [the claimant] was originally found to be disabled," and compare it with the newer medical evidence. Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984); see also Simone v. Comm'r of Soc. Sec. Admin., 465 F. App'x 905, 908 (11th Cir. 2012) (citing McAulay, 749 F.2d at 1500; 20 C.F.R. § 404.1594(c)(1)).  "Without such a comparison, no adequate finding of improvement c[an] be rendered." Vaughn, 727 F.2d at 1043 (emphasis in original); see also McAulay, 749 F.2d at 1500 (citation omitted).

Here, the ALJ stated that by "decision dated April 16, 2002," Plaintiff was initially "found disabled as of March 23, 2002."  Tr. at 22.  Regarding the required sequential evaluation process, as previously stated, the ALJ found at step two that as of October 1, 2008, Plaintiff did not meet or equal a Listing.  Tr. at 24.  At a much later step in the process, however, the ALJ relied upon Plaintiff's alleged "medical improvement" in finding that although Plaintiff previously met Listing 1.02A (dealing with major dysfunction of a joint resulting in the inability to ambulate effectively), he no longer met that listing as of October 1, 2008.  In this regard, the ALJ stated in part:

> [Plaintiff] was originally found disabled in 2002 for meeting listing 1.02A due to dysfunction of the left knee after a motor vehicle accident.  However, new evidence of record shows medical improvement because [Plaintiff] is able to ambulate or move without a cane.

Tr. at 31 (citing Tr. at 231-51 after second sentence).  The ALJ, therefore, recognized that Plaintiff had previously been found to meet a listing (although without any citation to the administrative transcript), and he attempted to explain his finding that Plaintiff had improved

to the point of not meeting that listing anymore because he can supposedly ambulate (citing new medical evidence).[6]

The administrative transcript does not contain the original April 2002 decision that found Plaintiff disabled.  Further, the administrative transcript is void of any medical evidence and contains very little other evidence predating the Administration's April 2002 disability finding.[7]  Without any of the original medical evidence, it was impossible for the ALJ to properly compare the evidence and evaluate whether there had been medical improvement.  See Vaughn, 727 F.2d at 1043 (finding error when "the ALJ focused only on current evidence of whether [the plaintiff] was disabled"); McAulay, 749 F.2d at 1500 (finding that although the ALJ referred to original medical records, "no comparison was made . . ." and "the ALJ failed to properly address the issue of improvement . . ."); see also Klaes v. Comm'r, Soc. Sec. Admin., 499 F. App'x 895, 896-97 (11th Cir. 2012) (finding reversible error when "[t]he ALJ did not mention, much less compare, the medical evidence of [the plaintiff's] impairments [predating the disability determination] that was relied upon to make the original . . . determination").

---

[6]     In addition to citing medical evidence, the ALJ summarized Plaintiff's testimony in this regard as "indicat[ing] he still needed a cane for ambulating, but then stat[ing] that he did not use it anymore, due to vanity."  Tr. at 31.  Plaintiff takes issue with the ALJ's finding that he can now ambulate, and Plaintiff argues the ALJ mischaracterized his testimony regarding use of a cane.  See Pl.'s Br. at 13-14.

[7]     The undersigned notes that the Regulations presume that the original file will be located for the purpose of making the required comparisons, because they explain what will happen in the event that the original file cannot be located.  See 20 C.F.R. § 404.1594(c)(3)(v).  The administrative transcript contains scant evidence from the original file, such as the initial denial worksheet, Tr. at 53-54, the reconsideration worksheet determining that the initial denial was affirmed, Tr. at 50-51, an appointment of representative form, Tr. at 49, some medical bills, Tr. at 59-80B, and a notice of hearing, Tr. at 80C, but it does not contain the written disability determination or the medical evidence upon which the Administration relied in finding Plaintiff to be disabled.

The lack of comparison of the original medical evidence with the new medical evidence had a direct effect on at least two of the ALJ's findings related to medical improvement.  First, as explained above, the ALJ found Plaintiff no longer meets Listing 1.02A, and the ALJ relied heavily on that finding to conclude that Plaintiff had medically improved.  The ALJ's finding regarding the Listing is necessarily intertwined with the finding of improvement; without the ALJ comparing the medical evidence, the finding cannot be upheld.  In any event, the undersigned cannot be sure that meeting Listing 1.02A was the only basis upon which Plaintiff was originally found to be disabled.  A second finding that Plaintiff attacks is the ALJ's conclusion that he did not suffer from cervical impairments as of October 1, 2008.  Specifically, Plaintiff contends that he had "herniated discs and radiculopathy in the cervical spine" at the time he was originally found to be disabled and that such impairments were not properly considered by the ALJ in determining Plaintiff had medically improved.  Pl.'s Br. at 14-16.  The ALJ did recognize that as of "the time of the CPD," Plaintiff had medically determinable cervical impairments, but the ALJ found the cervical impairments were not present as of October 1, 2008.  Tr. at 24.  Again, a comparison of the original medical evidence with the new medical evidence was necessary prior to making that finding, and it cannot be upheld without the proper comparison.

Without the inclusion or comparison of any original medical evidence or the original disability determination, the undersigned cannot review the ALJ's finding of medical improvement to determine whether it is supported by substantial evidence.[8]  Accordingly,

---

[8]        Defendant essentially advocates for a leap from evaluating and comparing the medical evidence that led to the previous finding of disability, to evaluating and comparing the legal basis for the previous finding of disability.  See Def.'s Mem. at 11-13 (relying on ALJ's finding that Plaintiff no longer met listing 1.02A as alleged evidence that the ALJ properly compared the medical evidence).  Such a leap is not

the matter must be remanded for the ALJ to make the proper comparison between the original medical evidence and the new medical evidence prior to deciding whether there has been medical improvement.  See Vaughn, 727 F.2d at 1043 (reversing and remanding "for application of the proper legal standard").

## B.  Other Arguments (First, Fifth, and Sixth Issues)

Plaintiff first takes issue with the ALJ's finding that "[a]s of October 1, 2008, if [Plaintiff] had the [RFC] to perform the full range of sedentary work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 201.21."  Tr. at 34.  Plaintiff contends the ALJ should have instead applied Rule 201.14 of the Grids (20 C.F.R. pt. 404 subpt. P, app. 2, Rule 201.14 ("Rule(s)")), which would have "require[d] a finding of 'disabled' as of April 23, 2009."  Pl.'s Br. at 8 (citation omitted).  Rule 201.14 applies to individuals who are "Closely approaching advanced age," defined by the Rules as fifty to fifty-four years of age.  Rule 201.14; Rule 201.00(g); see also 20 C.F.R. § 404.1563(d). According to Plaintiff, the ALJ incorrectly relied on Rule 201.21 (20 C.F.R. pt. 404 subpt. P, app. 2, Rule 201.21 ("Rule 201.21")).  Pl.'s Br. at 8-9.  This rule applies to "[y]ounger individual[s]" ranging in age from forty-five to forty-nine.  Rule 201.21.

As of October 1, 2008, the date that the ALJ found Plaintiff was no longer disabled, he was just under forty-nine and one-half years old (forty-nine years, five months, and eight days to be exact).  See Tr. at 548 (stating date of birth and age as of date of hearing).  To support his contention that the ALJ should have found he was closely approaching advanced age (i.e., fifty to fifty-four), Plaintiff relies on this language in the Regulations:

---

recognized by the Eleventh Circuit.

(b) How we apply the age categories.  When we make a finding about your ability to do work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section.  We will use each of the age categories that applies to you during the period for which we must determine if you are disabled.  We will not apply the age categories mechanically in a borderline situation.  <u>If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case</u>.

20 C.F.R. § 404.1563(b) (emphasis added).  Because Plaintiff allegedly reached the age of fifty "less than six months" after October 1, 2008 (it was actually a little more than six months after October 1, 2008), he contends the ALJ should have honored the representation in the Regulations and at least considered whether Plaintiff should have been evaluated under the older age category. Pl.'s Br. at 9.[9]  In addition to focusing on the alleged cessation date of October 1, 2008, Plaintiff focuses on the date that the ALJ issued his decision: "[the ALJ] cannot ignore the fact that Rule 201.14 applied when [Plaintiff] turned fifty years old more than a year before the date of the administrative decision." <u>Id.</u>

Defendant advocates for the Court to find the relevant age with respect to Plaintiff's argument is the age at the time of the alleged cessation of disability, or October 1, 2008. <u>See</u> Def.'s Mem. at  7 (citing 42 U.S.C. §§ 423(f)(1)(B), (f)) (stating substantial evidence must show "the individual is <u>now able</u> to engage in substantial gainful activity" and

---

[9]    Defendant correctly points out that Plaintiff relies on the portion of the Regulations that is applicable to initial applications for disability, not to cessation of benefits cases. <u>See</u> Def.'s Mem. at 7. Section 404.1594 is applicable to cessation cases.  That section, however, refers to sections applicable to initial applications (including Section 404.1563). <u>See</u> 20 C.F.R. § 404.1594(b)(5) (stating, "If we cannot determine that you are still disabled based on medical considerations alone . . . we will use the new symptoms, signs and laboratory findings to make an objective assessment of your functional capacity to do basic work activities or [RFC] and we will consider your vocational factors") (citing 20 C.F.R. §§ 404.1545-404.1569).  For the purpose of addressing Plaintiff's argument, the undersigned assumes that Section 404.1563 is applicable to the instant situation.

discussing "new evidence concerning the individual's prior or <u>current</u> condition . . .") (emphasis added); <u>see also, e.g.</u>, <u>Hagans v. Comm'r of Soc. Sec.</u>, 694 F.3d 287, 295-306 (3d Cir. 2012) (interpreting section 423(f) and affirming the evaluation of a claimant's "condition as of the date on which the agency first found that [the claimant's] eligibility for disability benefits ceased"); <u>but see, e.g.</u>, <u>Difford v. Sec. of Health & Human Servs.</u>, 910 F.2d 1316, 1320 (6th Cir. 1990) (finding the Administration must consider an ability to perform substantial gainful activity "at the time of the hearing" and not at the time of the alleged cessation of disability).  Very recent developments by the Administration, however, lead the undersigned to hesitate to adopt the alleged date of cessation as the relevant date.

On February 21, 2013, after Defendant's Memorandum was filed and after <u>Hagans</u> was decided, the Administration issued Social Security Ruling 13-3P, which deals directly with the question of "the period an adjudicator must consider when deciding an appeal of a medical cessation determination."  SSR 13-3P, 2013 WL 785484, *1.  The Administration is now adopting the policy that an "adjudicator will consider a beneficiary's disability through the date on which [the Administration] make[s] the appeal determination or decision."  <u>Id.</u> at *1.

Obviously, SSR 13-3P had not been issued at the time the ALJ issued his Decision on August 10, 2010.  The question now is whether Plaintiff's age should be considered as of October 1, 2008, the alleged cessation of disability, or as of August 10, 2010, the date of the ALJ's decision (and the date that SSR 13-3P says applies).  As of October 1, 2008, Plaintiff was just more than six months away from reaching fifty years of age; as of August 10, 2010, Plaintiff had reached the age of fifty. If Plaintiff is correct that Rule 201.14 is

applicable to Plaintiff if he reached the age of fifty prior to the determination, then Plaintiff would automatically be deemed still disabled under the Grids.

The parties have not briefed the issue of whether the ruling is retroactive.  Given that the issue has not been properly presented to the Court (because it could not have been), and given the undersigned's conclusion that the matter has to be reversed and remanded on another issue that could possibly have the effect of obviating the need to address this issue, the Administration (and not this Court) should decide, if appropriate, whether it will honor SSR 13-3P on remand.  See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).  If the new Ruling is honored, the ALJ shall consider whether Plaintiff is automatically deemed disabled under the Grids.

As to Plaintiff's fifth and sixth issues, he contends fifth that the ALJ failed to apply the correct legal standards to his disability determination from the State of Florida; and sixth that the Appeals Council improperly failed to acknowledge new and material evidence.  Pl.'s Br. at 18-21.  As to Plaintiff's contention regarding the disability determination, Defendant essentially acknowledges Plaintiff's testimony that he receives a "'disability check,'" but Defendant argues that "[t]he record contains no finding of disability by the [Division of Worker's Compensation for the State of Florida], nor any evidence that the agency ever paid benefits to Plaintiff," so the ALJ was not required to afford the alleged disability

determination any weight.  Def.'s Mem. at 16 (quoting Tr. at 557).  As to Plaintiff's contention regarding the Appeals Council not acknowledging new evidence, Defendant argues they did, in fact, review the new evidence, and it does "not provide substantial evidence to change the ALJ's [D]ecision."  Id. at 17-19.

Because this matter is due to be remanded as set forth in Section IV.A., and especially given that Plaintiff represented himself in the initial proceedings, Plaintiff should be given the opportunity to submit evidence of whatever disability determination was made that allows him to receive the disability check.  In addition, although it is likely that the Appeals Council considered the evidence submitted, see Tr. at 7 (Appeals Council Opinion generally referring to evidence submitted to Appeals Council), it is hard to say for sure.  In an Order dated April 6, 2012, the Appeals Council admitted as additional evidence a "Letter from [Plaintiff] to the Appeals Council dated November 14, 2011," a "Letter from [Plaintiff] to the Appeals Council dated April 12, 2011," and a "Motion for Appeal[.]" Tr. at 10. Plaintiff's letters and his motion are marked as Appeals Council exhibits in the administrative transcript, and appear on pages 525 through 528.  At least one of Plaintiff's letters refers to some "paper[]work" he submitted along with the letter, Tr. at 526, but the paperwork does not appear with the letter.  It is likely that the paperwork to which Plaintiff refers is located at pages twelve through sixteen of the administrative transcript, but those pages do not contain any Appeals Council exhibit markings.  Further, the Appeals Council exhibit list only refers to pages "525," "526-", and "527-28." Tr. at 5.  Defendant should ensure on remand, therefore, that all of the evidence submitted to the Appeals Council is considered when reevaluating Plaintiff's case.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the final decision of the Commissioner is due to be reversed and remanded for further proceedings. Accordingly, it is

**RECOMMENDED:**

1.     That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A)     Reevaluate whether Plaintiff has medically improved to the point of being no longer disabled and therefore ineligible for DIB, being sure to compare the original medical evidence with the new medical evidence prior to making any determination of improvement;
>
> (B)     If necessary, determine whether SSR 13-3P applies retroactively to Plaintiff's case, and if so, whether Plaintiff is automatically deemed still disabled under the Grids;
>
> (C)     Allow Plaintiff to submit documentation of whatever disability determination was made by a state agency, consider such documentation, and afford it appropriate weight;
>
> (D)     Ensure that all of the evidence originally submitted to the Appeals Council is considered; and
>
> (E)     Take such other action as may be necessary to resolve this matter properly.

2.    That the Clerk be further directed to close the file.

3.    That in the event the cessation of benefits is reversed on remand and Plaintiff's counsel deems it appropriate to move for § 406(b) fees, the Court include in an Order disposing of this appeal a direction that such an application should be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida, on August 5, 2013.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:

Honorable Howell W. Melton
United States District Judge

Counsel of record

-18-