**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KEVIN SENIOR,

Plaintiff,

vs. Case No. 3:12-cv-589-J-12-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.
______________________________________/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 17; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on August 5, 2013. In the Report, Magistrate Judge Klindt recommends that the Court direct the Clerk of Court to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) reversing the Commissioner's decision and remanding this matter, with various instructions to the Commissioner, Clerk of Court, and Plaintiff's counsel. See Report at 3-4 and 17-18. Neither party has filed objections to the Report, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions

de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. No. 17) is **ADOPTED** as the opinion of the Court.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate whether Plaintiff has medically improved to the point of being no longer disabled and therefore ineligible for DIB, being sure to compare the original medical evidence with the new medical evidence prior to making any determination of improvement;

(B) If necessary, determine whether SSR 13-3P applies retroactively to Plaintiff's case, and if so, whether Plaintiff is automatically deemed disabled under the Grids;

(C) Allow Plaintiff to submit documentation of whatever disability determination was made by a state agency, consider such documentation, and afford it appropriate weight;

(D) Ensure that all evidence originally submitted to the Appeals Council is considered; and

(E) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk of Court is directed to close the file.

3. In the event the Commissioner reverses the cessation of benefits case on remand and Plaintiff's counsel deems it appropriate to move for § 406(b) fees, such application should be filed within the parameters of the Order entered in Case No. 6:12-mc-124-Orl-22 (In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of September, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

The Honorable James R. Klindt
United States Magistrate Judge
Counsel of Record